# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 30, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**VARSHA VAGHELA,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0869** (BOR Appeal No. 2049254)
                         (Claim No. 2010100843)

**JP MORGAN CHASE AND COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Varsha Vaghela, by Stephen P. New, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. JP Morgan Chase and Company, by Daniel G. Murdock, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 7, 2014, in which the Board affirmed a February 27, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 30, 2012, decision to grant a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Vaghela, a personal banker for JP Morgan Chase and Company, injured herself on July 31, 2009, when she slipped and fell at work. Ms. Vaghela sustained injuries to her ankles, left knee, wrist, and hands. Although Ms. Vaghela's wrist, hand, and right ankle injuries resolved with conservative treatment, she continued to experience persistent symptoms in the left ankle, foot, and knee. In February of 2010, Ms. Vaghela had an MRI. It revealed a peroneus brevis tendon disruption, a high grade near-complete tear of the talofibular ligament, and possible supracalcaneal bursitis. On July 28, 2011, an independent medical evaluation from Paul

1

Bachwitt, M.D., was made available. Dr. Bachwitt diagnosed Ms. Vaghela with transient sprain of the wrists, hands, left knee, and both ankles. Dr. Bachwitt further opined that these sprains should have resolved within two months of the compensable injury. Dr. Bachwitt found that Ms. Vaghela was at her maximum degree of medical improvement and suffered no ratable impairment. On October 30, 2012, the claims administrator granted Ms. Vaghela a 0% permanent partial disability award based upon Dr. Bachwitt's evaluation.

On February 9, 2012, a report from Zach Tankersly, M.D., Ms. Vaghela's treating physician, was made available. It indicated that she reported with pain and swelling in the left ankle and significant back pain radiating down the left side into her hamstring and down into her left knee and ankle. Dr. Tankersly's impression was severe tenosynovitis along the posterior tibial tendon, peroneal brevis split tear, chronic ankle pain, and radiculopathy. On November 14, 2012, an independent medical evaluation from Bruce Guberman, M.D., was made available. Dr. Guberman's impression was chronic post-traumatic strain of the left foot and left ankle. Dr. Guberman found Ms. Vaghela to have 7% lower extremity impairment for range of motion abnormalities in plantar flexion and dorsiflexion of the left ankle and 5% lower extremity impairment for range of motion abnormalities in inversion and eversion of the left ankle. Dr. Guberman also found 2% lower extremity impairment for range of motion abnormalities of the great toe of the left foot and 4.9% lower extremity impairment for dysesthesia in the distribution of the femoral nerve. Dr. Guberman found Ms. Vaghela to have a total of 7% whole person impairment related to the compensable injury.

On October 8, 2013, an independent medical evaluation from ChaunFang Jin, M.D., was made available. Dr. Jin noted that although Ms. Vaghela had MRI evidence of a tear of the left peroneus brevis, her clinical symptoms did not support that diagnosis as the likely source of her pain. Dr. Jin further noted that Ms. Vaghela's complaints of lower extremity pain were very similar to a radicular pain from the lumbar spine, while her abnormal neurologic findings in the left lower extremity were suggestive of a higher level etiology such as lumbar spine disease or illness. Dr. Jin opined that there was no reason to believe that Ms. Vaghela's decreased range of motion was a direct result of the compensable injury of July 31, 2009.

The Office of Judges found that Ms. Vaghela was not entitled to any more than a 0% permanent partial disability award. The Office of Judges concluded that the reports of Dr. Bachwitt, Dr. Jin, and Dr. Tankersly were more persuasive than the report of Dr. Guberman. The Office of Judges recognized that Ms. Vaghela was evaluated by Dr. Bachwitt, who found no impairment. The Office of Judges found that after her evaluation she started to complain about increasing pain in her ankle and back. The Office of Judges then found that she reported to her treating physician, Dr. Tankersly. Dr. Tankersly opined that her symptoms were more likely than not related to her back and suggested she undergo a lower back evaluation. Dr. Tankersly opined her subjective symptoms were not consistent with her MRI. The Office of Judges found that Dr. Jin asserted that Ms. Vaghela's abnormal neurologic findings in the left lower extremity were suggestive of lumbar radiculopathy. Dr. Jin further opined that a left ankle strain/sprain would not progressively worsen over time or cause significant range of motion loss. Dr. Jin asserted that Ms. Vaghela's left ankle sprain/strain should have resolved long ago. Based upon her clinical findings, Dr. Jin opined that Ms. Vaghela's current left ankle symptoms and impairment

2

were not related to the compensable left ankle strain of July 31, 2009. The Office of Judges noted that Dr. Guberman found 7% whole person impairment based upon lower extremity impairment. The Office of Judges concluded that Dr. Guberman's report was more than likely based on the non-compensable lower back problems as opposed to the July 31, 2009, injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the consistent decisions of the Office of Judges and Board of Review. Ms. Vaghela has failed to establish that she is entitled to any permanent partial disability. Her injury was a minor sprain. The treatment needs for a sprain is not expected to exceed two months. There is not sufficient evidence that the symptoms she is experiencing now are in any way related to her sprain. As her own treating physician suggested, her pain is most likely due to lower back problems, which are not work related. Because the weight of the evidence indicates that she suffers from no ratable impairment, the Office of Judges and Board of Review were not in error for granting her a 0% permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 30, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3